BERTHA WOODS, E. D. STUBBS and PEARL GAITHER, Administratrix of VERSAL JOHNSON, Deceased, v. MADIE B. HALL, LeROY HALL, ELEANOR HALL, EDNA F. HALL, WILLIE HALL KENNEDY and Husband, HAROLD KENNEDY, and MADIE B. HALL, Executrix of H. H. HALL, Deceased.

(Filed 15 June, 1938.)

**Negligence § 4f—Evidence held insufficient to show statutory duty on defendant owners to provide two exits from sleeping quarters.**

These actions to recover for personal injuries and for wrongful death resulting from a fire in defendants' building, the third floor of which was rented for sleeping quarters, were founded on sec. 4, ch. 149, Public Laws of 1923 (C. S., 6081), upon allegations that defendants failed to have two

exits from the sleeping quarters in case of fire. All the evidence tended to show that the building was constructed prior to 1913, and there was no evidence that the Insurance Commissioner ever deemed practical that the building should be provided with any additional ways of egress in order that the dangers existing should be terminated. *Held:* Defendants' motion to nonsuit was properly allowed, since plaintiffs fail to bring themselves within subsecs. 1 or 2 of sec. 4 of the statute relied upon.

Appeal by the plaintiffs from *Bivens, J.,* at October Term, 1937, of Forsyth. Affirmed.

*Elledge & Wells and Williams & Bright for plaintiffs, appellants.*
*Parrish & Deal and Price & Jones for defendants, appellees.*

Schenck, J. These are three cases consolidated for the purpose of trial, to recover for personal injuries and wrongful death alleged to have been caused by the negligence of the defendants in failing to furnish proper means of escape from fire in a building owned by the defendants and occupied for living and sleeping purposes by the plaintiffs and the plaintiff's intestate.

The plaintiffs, in referring to C. S., 6081, being section 4, chapter 149, Public Laws 1923, say in their brief: "It is upon the violation of these two sections that the plaintiffs predicate their cause of action." Said section 4 reads as follows:

"Sec. 4. Section six thousand and eighty-one of the Consolidated Statutes is hereby repealed, and the following, to be known as six thousand and eighty-one, is to be substituted therefor:

"Sec. 1. That all hotels, lodging houses, school dormitories, hospitals, sanatoriums, apartment houses, flats, tenement houses and all buildings other than private dwellings not over three stories in height, in which rooms are to be rented or leased or let or offered for rent, let or leased for living or sleeping purposes, *hereafter constructed* in this State shall be constructed so that the occupants of all rooms above the first floor shall have unobstructed access to two separate and distinct ways of egress extending from the uppermost floor to the ground, such ways of egress to be so arranged in reference to rooms that in case of fire on one stairway the other stairway can be reached by the occupant without his or her having to pass the stairway involved. Entrance to all such ways of egress aforementioned in this section shall be from corridors or hallways of not less than three feet in width, and in no case shall entrance to such ways of egress be through a room or closet, and where such building is in the opinion of the Insurance Commissioner of sufficient size to require more than two ways of egress the 'National Fire Protection Association' Standard governing corridors and stair areas shall be adhered to.

"Sec. 2. Every hotel, lodging house, school dormitory, hospital, sanatorium, apartment house, flat, tenement or other building, other than a private dwelling not over three stories in height, in which rooms are rented, leased, let or offered for rent, lease or let, shall forthwith, at the owner's expense, be provided with additional ways of egress as to the Insurance Commissioner shall deem practicable in order that the object of this law may be accomplished and that existing dangers not be perpetuated."

Sec. 1 of section 4, chapter 149, Public Laws 1923 (at present C. S., 6081), has no application to the building owned by the defendants and occupied by the plaintiffs and plaintiff's intestate for living and sleeping purposes, and alleged to have been burned on 19 November, 1936, since it applies only to buildings "hereafter constructed in this State," and all of the evidence is to the effect that said building was constructed in 1913.

The plaintiffs likewise fail to bring themselves within the provisions of sec. 2 of section 4 of chapter 149, Public Laws of 1923 (present C. S., 6081), since there is no evidence that the Insurance Commissioner ever deemed practicable that the building mentioned in the complaint should be provided with any additional ways of egress in order that the object of the law might be accomplished and existing dangers not perpetuated.

Since the plaintiffs bottom their cases upon a violation by the defendants of sec. 4, chapter 149, Public Laws 1923, and since there is no evidence to establish any violation of said statute, the judgment of nonsuit must be

Affirmed.